[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



RECEIVED

NOV 05 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

__JEANETTE S. R. LIPINSKI__

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

__YESENIA CHAVEZ__

__MANUEL CHAVEZ__

__JESSICA V. JOYCE__

__S. KUS *103 OFFICER__

__J. ASTOR *105 OFFICER__

__B.PUDOWSKI *108 OFFICER__

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

Case No: ___**1:19-CV-06154**_____

(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**     __**AMENDED COMPLAINT**__

___X___      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____      **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____      **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**JEANETTE S. R. LIPINSKI**

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

         vs.

**NICHOLAS NOMIKOS, CHIEF**

**ROBERT E. POLK, MAYOR**

**STANLEY PAGORAK, ATTORNEY**

**LUS CHAVEZ, CLERK**

_____

_____

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

Case No: **1:19-CV-06154**
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**           **AMENDED COMPLAINT**

**X**        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____        **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____        **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I.     Plaintiff(s):**

A.   Name:   ____**JEANETTE S. R. LIPINSKI**_____

B.   List all aliases: _____

C.   Prisoner identification number: _____

D.   Place of present confinement: _____

E.   Address:   **14121 S. GREENBAY AVENUE BURNHAM, IL 60633-1617**

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: **YESENIA CHAVEZ**

     Title: **NEIGHBOR**

     Place of Employment: **UNKNOWN**

B.   Defendant: **MANUEL CHAVEZ**

     Title: **NEIGHBOR**

     Place of Employment: **NONE**

C.   Defendant:   **JESSICA V. JOYCE**

     Title: **NEIGHBOR**

     Place of Employment: **UNKNOWN**

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.      **Plaintiff(s):**

    A.    Name:   **JEANETTE S. R, LIPINSKI** _____

    B.    List all aliases: _____

    C.    Prisoner identification number: _____

    D.    Place of present confinement: _____

    E.    Address:   **14121 GREENBAY AVENUE BURNHAM, IL 60633-1617** _____

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.     **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant:   **S. KUS *103** _____

        Title:   **POLICE OFFICER** _____

        Place of Employment:**VILLAGE OF BURNHAM 14450 MANISTEE BURNHAM, IL 60633**

    B.    Defendant:   **J. ASTOR *105** _____

        Title:   **POLICE OFFICER** _____

        Place of Employment:**VILLAGE OF BURNHAM 14450 MANISTEE BURNHAM, IL 60633**

    C.    Defendant:   **B.PUDOWSKI *108** _____

        Title:   **POLICE OFFICER** _____

        Place of Employment: **VILLAGE OF BURNHAM 14450 MANISTEE BURNHAM, IL 60633**

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.   **Plaintiff(s):**

    A.    Name:     **JEANETTE S. R. LIPINSKI**

    B.    List all aliases: _____

    C.    Prisoner identification number: _____

    D.    Place of present confinement: _____

    E.    Address:  **14121 S. GREENBAY AVENUE BURNHAM, IL 60633-1617**

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant:  **NICHOLAS NOMIKOS**

         Title:  **CHIEF OF POLICE**

         Place of Employment: **VILLAGE OF BURNHAM 14450 MANISTEE AVENUE, IL60633**

    B.    Defendant:  **ROBERT E. POLK**

         Title: **MAYOR**

         Place of Employment: **VILLAGE OF BURNHAM 14450 MANISTEE AVENUE, IL60633**

    C.    Defendant:  **STANLEY  PAGOREK**

         Title:  **ATTORNEY**

         Place of Employment: **VILLAGE OF BURNHAM 14450 MANISTEE AVENUE, IL60633**

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

         Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I.      Plaintiff(s):**

A.      Name:   **JEANETTE S. R. LIPINSKI**

B.      List all aliases: _____

C.      Prisoner identification number: _____

D.      Place of present confinement: _____

E.      Address:   **14121 S. GREENBAY AVENUE BURNHAM, IL 60633-1617**

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.     Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.      Defendant:   **LUS CHAVEZ**

        Title:   **VILLAGE CLERK**

        Place of Employment: **VILLAGE OF BURNHAM 14450  MANISTEE AVENUE BURNHAM, IL 60633**

B.      Defendant: _____

        Title: _____

        Place of Employment: _____

C.      Defendant: _____

        Title: _____

        Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                      Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number:    **LIPINSKI VS CASTANEDA 16-CV-7153**

B.    Approximate date of filing lawsuit: **7/12/16**

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
**JEANETTE S.R. LIPINSKI**

D.    List all defendants:    **YOLANDA CASTANEDA**
**ALONSO CASTANEDA**
**LT. BONNER \*79**
**OFFICER A. CAP \*77**

E.    Court in which the lawsuit was filed (if federal court, name the district: if state court, name the county): **FEDERAL NORTHERN DISTRICT IL COOK COUNTY**

F.    Name of judge to whom case was assigned:    **JORGE L. ALONSO**

G.    Basic claim made: **CIVIL RIGHTS**

H.    Disposition of this case (for example:  Was the case dismissed?  Was it appealed? Is it still pending?):    **RECONSIDERATION**

I.    Approximate date of disposition: **9/2018**

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Sometime after the First False Arrest, Deft. Castaneda began to denigrate and defame Plaintiff

in their neighborhood, causing many neighbors to turn against Plaintiff based upon false rumors

and gossip, most notably, that Plaintiff had poisoned and killed a dog, when that was simply false

and untrue.


2. On 9/14/17, on a unusual hot day, while Plaintiff Jeanette was cleaning up the front of her home,

from leaves, watering the grass, and washing down her sidewalk. Another neighbor, Deft. Yesenia

Chavez forcefully walking up to Plaintiff Jeanette screaming at her, "I'm going to f**king hurt you,"

numerous times while sweeping leaves and dirt onto Plaintiff's cleaned sidewalk. Plaintiff Jeanette

was put in fear for her life. She said nothing before that and had never said anything hurtful or

hateful to anyone. She always prayed for those that would or might hate and persecute her.


3. Plaintiff Jeanette then walked up to Deft. Chavez and asked her to stop when the hose in her hand

caught in her wire border trim around her grass when she turned to walk to Deft. Chavez. The

stream went to both right sides of Plaintiff Jeanette and Deft. Chavez not touching them. Both

Plaintiff Jeanette and Deft. Chavez's clothes are dry.


4. Deft' Chavez kept yelling very loudly, "I'm going to F**king hurt you." Plaintiff Jeanette having

4                                    Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

experience as a licensed Security officer pointed the hose down in front of Plaintiff's feet to stop Deft. Chavez

from advancing toward her. Deft. Chavez then swept up leaves, dirt, and water onto the face and

body of Plaintiff Jeanette. Plaintiff Jeanette then turned around from Deft. Chavez and walked away.

Deft. Chavez then turned away from Plaintiff Jeanette cursing Plaintiff Jeanette so loudly

that neighbors came out of their houses talking Spanish to Deft. Chavez. Plaintiff Jeanette then

took her cell phone from her pocket and called the Burnham Village police for help. Deft.

Chavez also called Burnham police lying that Plaintiff Jeanette sprayed her with her water hose.

5. Apparently unbeknownst to Deft. Chavez, Plaintiff Jeanette has security cameras turned on

at all times outside her home, and the frontyard camera captured footage of the whole event and

it clearly shows Deft. Chavez verbally and physically attacking Plaintiff Jeanette.

6. At about 5:40 pm, Burnham police officer Kus responded to the call. Officer Kus did not approach

Plaintiff Jeanette who first called them for help, he went to Deft. Chavez who lied to officer

Kus Plaintiff Jeanette sprayed her with the hose. However, instead of asking for Plaintiff's

Jeanette's side of the story, officer Kus yelled from Deft Chavez's frontyard, "Your under Arrest."

He then called for officer Astor to arrest Plaintiff Jeanette. Neither officers Kus nor Astor would

listen to Plaintiff Jeanette's story that this was a set up, she had NOT sprayed Deft. Chavez with

water and that she could show them her security camera footage. Neither officers checked Deft's

Chavez's clothes to see that they were dry. Plaintiff Jeanette who was still grieving from the

murder of her mother and on pain medication , was falsely arrested and held her on $120 bail

for over eight hours until early morning the next day when two friends came to bail her out.

7. Before they left in the police car, Plaintiff Jeanette said her home had to be locked up with her key that was around her wrist. Officer Kus ignored Plaintiff Jeanette that he needed the key on Plaintiff Jeanette's wrist. He removed the tape from the second lock on the doors and lock her out of her house. So, Plaintiff Jeanette, an elderly disabled woman on pain medication, had to climb through a window to enter her own home after being released on bail. He didn't shut off her water hose either.

8. When Plaintiff Jeanette was placed in the cell, it was freezing cold, she only had on a tank top, shorts, and wet socks. When she asked to get her pain medication, officer Kus said "no." This was deliberate action by the police.

9. In addition, by 7pm, Plaintiff Jeanette had been told she could be bailed out for $150. Her friend called back repeatedly after that and was always told, Jeanette was in processing," when in fact she was not. It was not until much later, at approximately 11 pm, the friend was told she could bail out Plaintiff Jeanette and she promptly drove from the far northwest side of Chicago to bail her out. Plaintiff Jeanette did not get home until 1:45 am.

10. Plaintiff Jeanette is a minister who loves God and people. But, her faith and race is not welcomed in her changing community where her and her mother have lived for almost 50 years. Plaintiff Jeanette's outdoor solar crosses on her property have been broken for several years. And she has been threatened to die and get her white axx out of here.

11. Plaintiff Jeanette was issued a court date for her arrest but when she went to the court date the case was not on the docket sheet. She was informed to go to the Markham court house written on a piece of paper by the court clerk. When Plaintiff Jeanette went to the Markham courthouse. they too had no record or court date for her arrest. A month later Plaintiff Jeanette gets a new arrest police report with a different number and court date in the mail. Plaintiff Jeanette goes to this court date and video security camera evidence finds her not guilty. The Judge was not happy with the police officers and Deft. Chavez. Also, two citations were given by officer Kus to Plaintiff Jeanette in arrest were dismissed.

12. Witness Deft. Jessica Joyce lives across the street and was not outside to witness the incident. Plaintiff's Jeanette's van was parked in front of her house; there is no way she could see any spray on Deft. Chavez. Also, both Deft's are Lesbians and not fond of Plaintiff's religion. None of the Deft's go to church, their choice. But, lieing to hurt someone not of their beliefs is against the law. There is no truth in Deft. Ms Joyce's Witness letter. The Witness letter was never brought up in court.

13. Deft. Manual Chavez lied to his sister Deft. Yesenia that he was sprayed with water. Deft. Yesenia Chavez was not home until much later from work. Manual cut his grass while Plaintiff Jeanette was finishing cleaning her garage. She waited until he was done before she went to work on the frontyard because he is a trouble maker who has done considerable damage with 5 teenage boyfriends throwing beer & bottles on Plaintiff's lawn. There were no witnesses to his lie. He never went to school or work since they moved in three years ago. He's home alone all the time.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

14. Plaintiff Jeanette has been serving the Lord Jesus for 41 years in the healing ministry. She had a dream her mother was crying and Plaintiff Jeanette came home to take care of her. Plaintiff did not know she was walking into a hornets nest that would be a beginning of a night-mare. Plaintiff Jeanette's older sister, very long time criminal boyfriend was exploiting her mother finances and will. This evil man abused her mother and Plaintiff Jeanette physically and emotionally, Since plaintiff Jeanette was the new kid on the block when the police where called they believed the lies of her sister and boyfriend.

This was the beginning of the police not helping Jeanette at her word.

15. Plaintiff Jeanette seeks help from Village of Burnham Mayor Polk, but he too had a negative attitude toward Plaintiff Jeanette. She saw his reflection in the Police glass Mayor Polk waved her off to the dispatcher. Plaintiff tried hard to get her and her mother help. She emailed the Mayor, called him, but he totally ignored her when serious problems arose. Fast forwarding, when Plaintiff was in Federal court proceedings, he tried to keep her quiet by using his attorney Stanley Pagorak to write up an OP order to the Federal court with false statement that she was harassing the trustees Bonner and Cap in the meetings,The Federal Magistrate Judge dismissed the order and said Plaintiff has a right to speak at the meetings. Never the less Mayor Polk would not let her talk more than 3 minutes. When Plaintiff Jeanette asked for more time because it takes longer for her to articulate her thoughts because she is on pain medication, the Mayor Polk said, No! For six long years Mayor Polk, most Police has completely denied helping her and her mother. After a break into Plaintiff house, the police would not arrest the criminals causing Mayor Polk to this day will not help me from my neighbors destroying my property with their

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

two sump pumps killing her pine tree with Root Rot and also her basement foundation with water underneath the cement is water logged. The defendants in the first false arrest also put a new A/C & furnace unite outside by plaintiff's mother's bedroom causing carbon monoxide fumes to come in the window, and noise from the A/C in summer. A state representative in Spring field says it is a state law that this unit has to be 10 ft from her property. It is only 3 ft away from the window. Mayor Polk is deliberately depriving peace and enjoyment of Plaintiff's property. She can no longer sleep in her bedroom because Plaintiff got very sick from the Carbon Monoxide fumes coming in the window. Plaintiff Jeanette has called several times about this and never receives a call back from the Mayor. She is completely ignored by him. Plaintiff Jeanette believes her civil rights are violated and a abuse of power deliberately withholding help from her.

16. Village of Burnham attorney Stanley Pagorak conspired with the Mayor Polk, police chief Nick Nomikos, Officer Kus and Pudowski against Plaintiff Jeanette in EOP court downtown. Plaintiff's EOP was against Yesenia Chavez and Yolanda Castaneda. Officer Kus and Pudowski appeared in court not knowing to Plaintiff Jeanette. Officer Kus under oath lied to the judge saying plaintiff was guilty when Plaintiff Jeanette was acquitted in Chavez false arrest case. Plaintiff Jeanette asked Chief Nomikos why the two officers Kus and Pudowski was in the court room. He said they were subpoenaed? Plaintiff Jeanette checked the file in the case and there was no subpoena for the two officers Kus and Pudowski. Chief Nomikos lied to Plaintiff. The case was dismissed. And every EOP case in Markham courthouse was set up to lose except for the first one for Plaintiff Jeanette and her mother. Also attorney Stanley Pagorak slandered Plaintiff Jeanette's character in October 8, 2019 Village meeting. Plaintiff Jeanette was not in

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

the meeting. It is recording on You Tube of him saying Mrs. Lipinski is suing the Village, that she poisoned a dog. and much much more. It shocked a few good neighbors and reported it to Plaintiff Jeanette that it is a defamation of character. Plaintiff Jeanette is hurt and shocked at the Burnham Village slandering her good name and they keep treating her like a criminal.

17. Clerk Lus Chavez and attorney Stanley Pagorak refuse to put Plaintiff Jeanette's name back on the Burnham Village utility water and garbage bill. Plaintiff's name Jeanette Lipinski was put on the bill after her mother died. It was taken off by Clerk Lus Chavez for over a year now. She refuses to put Plaintiffs's name back on even with all the proper documents. Clerk Luz keeps says Plaintiff needs to bring in the documents. Burnham Village has the property tax bill in Plaintiff's name, Trustee's deed. But the label on the water & garage bill is labeled to the old deed Chicago Title Land TrustCompany ###. The Burnham Village refuses to cooperate with Plaintiff in every way, as if she doesn't exist. Clerk Lus Chavez is dishonest in this situation. There is no accountability in Village of Burnham, it's do what you want, to who ever you want. Evil ignored become the Norm.

18. Being religious in Village of Burnham is considerated a sin. To do what is right is not good to do. Christian persecution is on the rise. Plaintiff's solar crosses have been broken by Chavez's brother over her backyard fence. Plaintiff was always nice to him, she took him shopping. Several solar crosses were stolen and damaged on Plaintiff's property by others across the alley, and others in neighborhood. Plaintiff prays that they will someday see the real light in her solar crosses and find the peace and love they need in their souls.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

**Plaintiff Jeanette, entitled to damages, punitive damages, and reasonable attorney fees inasmuch as the behavior was contemptible, undertaken with malice aforethought, wilful and with reckless indifference to the rights of others.**

VI.    The plaintiff demands that the case be tried by a jury.  ☑ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___**5**___ day of **November**, 20**19**

_Jeanette S. R. Lipinski_

(Signature of plaintiff or plaintiffs)

**JEANETTE S. R. LIPINSKI**

(Print name)


(I.D. Number)



**14121 S. BURNHAM, IL 60633-1617**

(Address)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

### IN THE UNITED STATE DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **JEANETTE S.R. LIPINSKI**<br><br>**Plaintiff,**<br><br>v.<br>**JESSICA V. JOYCE, an individual**<br>**MANUEL CHAVEZ JR, an individual**<br>**YESENIA CHAVEZ, an individual,** *et al*<br>**OFFICER KUS, Badge #103, in his official and**<br>**individual capacity, and**<br>**OFFICER ASTOR, Badge #105 in his official and**<br>**individual capacity**<br><br>**Defendants** | **Case No. 19 CV 6154**<br><br>**Judge** <u>Robert M. Dow</u> **Jr.**<br><br>**Jury Trial Demanded** |

### FIRST AMENDED COMPLAINT FOR DAMAGES
### UNDER 42 USC § 1983–DEPRIVATION OF RIGHTS ET AL.

Now comes your Plaintiff, Jeanette S.R. Lipinski, and herewith files the above

cause of action under 42 USC § 1983, Abuse of Process, Malicious Prosecution, False

Arrest, Assault and Battery and Negligent Infliction of Emotional Distress against the

following defendants: Yesenia Chavez, an individual and Officer Kus, Badge #103 in his

official and individual capacity.

### The litigants:

1.      Plaintiff is an active minister and missionary and a resident of the State of Illinois,

having a residence at 14121 S. Greenbay Ave, Burnham, IL 60633 in Cook County,

Illinois.

2.      Defendant Officer Kus, Badge No. 103, upon information and belief, is a resident

of Cook County Illinois, and/or does business at the Burnham Village Police station as a

police officer.

3. Defendant Officer Astor, Badge No. 105, unpon information and belief, is a resident of Cook County Illinois and/or does business at the Burnham Village Police station as a police officer.

## JURISDICTION AND VENUE

4. This honorable court has jurisdiction over the above parties because each either resides in Cook County Illinois or does or has done business within Cook County, Illinois or they participated in the actions complained of herein at all times relevant to this cause of action.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367 for Plaintiff's 42 USC § 1983 claim. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district, or do business within this judicial district, and/or the events giving rise to the claims asserted herein occurred as well. This court has jurisdiction for the 42 USC 1983 claim under 28 USC § 1343(a)(1-3) and for 42 USC § 1985 under 28 USC § 1343(a)(1-2).

6. This court has supplemental jurisdiction for Plaintiff's common law claims of Abuse of Process, Malicious Prosecution, False and Intentional Infliction of Emotional Distress under 28 USC § 1367.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

### A. The False Arrest and Imprisonment

7. On or about September 14, 2017, Plaintiff Jeanette was cleaning up in front of her home, removing leaves, watering the grass and washing down the sidewalk. Deft.

Page 2 of 12 Jeanette Lipinski's First Amended Complaint.

Chavez walked over to Plaintiff Jeanette and screamed at her, "I'm going to f**king hurt you," numerous times while sweeping leaves and dirt onto Plaintiff's clean sidewalk.

8.    Plaintiff Jeanette was put in fear for her life. She had never said anything hurtful or hateful to anyone. She had never said anything hateful for hurtful to any defendant named herein. She always prayed for those who were upset with her or those who might harm her.

9.    Plaintiff then walked up to Deft. Chavez and asked her to stop. Although the hose was caught in the wire border fence, still no water landed on either Plaintiff or Deft. Chavez. Both Plaintiff Jeanette and Deft. Chavez's clothes were left completely dry during the incident.

10.    Deft. Chavez kept on yelling loudly at Plaintiff Jeanette, "I'm going to F**king hurt you." Plaintiff Jeanette having prior experience as a licensed Security Officer, pointed the hose in front of Plaintiff's feet in order to stop Deft. Chavez from advancing further toward her. Deft. Chavez then swept up leaves, dirt and water onto the face and body of Plaintiff Jeanette. Plaintiff Jeanette then turned around and walked away.

11.    Deft. Chavez continued to scream and curse so loudly a number of neighbors came of their houses speaking Spanish to Deft. Chavez, which Plaintiff Jeanette did not understand. Plaintiff then took out her cell phone from her pocket and called the Burnham Village Police department for assistance. Deft. Chavez also called the Burnham Village Police department falsely claiming that Plaintiff had sprayed her with water from the hose.

12.    Apparently, unbeknownst to Deft. Chavez, Plintiff Jeanette has security cameras on her home, which clearly show that Deft. Chavez was verbally and physically

Page 3 of 12

attacking Plaintiff Jeanette for no known reason and video footage also shows that

Plaintiff Jeanette never sprayed water upon Defendant Chavez.

13.    At about 5:40 pm, Burnham Village police officer Kus responded to the call.  When

he arrived he walked up to Plaintiff Jeanette who first called for help, but then he turned

and went over to Deft. Chavez.  Deft. Chavez lied and told Officer Kus that Plaintiff

Jeanette had sprayed her with her water hose.  Next, without noticing that Deft. Chavez

was completely dry, and without even asking Plaintiff Jeanette what had happened,

Deft. Officer Kus called out to Plaintiff Jeanette, "You're under arrest!"

14.    Neither officers Kus nor Astor would listen to Plaintiff Jeanette's story that this was

a set up, that she had not sprayed Deft. Chavez with any water, and she would be glad

to show the Officers Kus and Astor her security camera footage.  Both Officers refused

to note that Deft. Chavez was completely dry from head to foot.  Both Officers refused

to review the security footage on Plaintiff's security camera which she offered to show to

them.

15.    Plaintiff Jeanette is elderly, disabled and often in pain.  She has pins in her feet

and often has to take pain medications which leave her lethargic and drowsy.  She had

to post a $120 bond, money which she did not have because she lives on disability

payments and a strict budget.

16.    After her arrest, Plaintiff Jeanette was then placed in a freezing cold cell for 7+

hours.  She only had on a tank top, shorts and wet socks. She estimates the

temperature to be at 65 degrees Farenheit or lower.  When it came time to take her pain

medications for her back feet, the police said she could not go home to get them, they

would not get them and consequently her back and feet began to throb with pain.


Page 4 of 12 Jeanette Lipinski's First Amended Complaint.

17.  In addition, by 7 pm, Plaintiff Jeanette had been told she could be bailed out for

$150.  Her friend calleded the police station repeatedly after 7 pm and was always told

Jeanette "was in processing and it would be some hours later", when in fact she was

not.  Plaintiff Jeanette was ready for release about 8 pm, but the Burnham Village Police

told Jeanette's friend, release would take hours.  In fact,Plaintiff Jeanette did not get

home until about 1:45 pm although she lived just ten minutes away and was ready for

release at 7 pm.  Plaintiff Jeanette's friend had to drive from the far northwest side of

Chicago to get her.

18.  Plaintiff Jeanette is a Christian Evangelical Minister, but her faith is not welcome in

her neighborhood, and the mostly Hispanic Roman Catholic neighbors look at her

askance and with derision.  She has often been told by her neighbors, "to get her white

*** out of here".   This is despite the fact that Hispanic is generally considered a "white"

race.[1]

19.  Plaintiff is a Chrisian minister who loves God and people.  But her faith is not

welcome in her changing community where her and her mother, now deceased, have

lived for almost 50 years.  Plaintiff's outdoor solar crosses have been stolen and

vandalized numerous times over the years.

20.  Plaintiff Jeanette was issued a court date for her arrest, but when she arrived at

the assigned court date, her case was not on the docket sheet.  She was informed to go

to the Markham court house and this was written on a piece of paper by the court clerk.

When Plaintiff Jeanette arrived at the Markham courthouse, they too had no arrest

---

[1]At this point it should be noted that there is no such thing as race or biological
sub categories for the human race. The human race is considered to be scientifically of
one race or genus because human DNA is 95% the same and is one of the most
homogenous species on earth.

record or court date for her. A month later, Plaintiff Jeanette went to another court date with her video security camera evidence and the judge found her not guilty. The Judge was not pleased with the behavior of the police officers and Deft. Chavez. The two citations given to Plaintiff Jeanette during her arrest were summarily dismissed.

## COUNT I

### 42 U.S.C. § 1983

### DENIAL OF DUE PROCESS RIGHTS

21.    Plaintiff Daughter Jeanette herewith incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

22.    This count is brought against Defendants Kus and Astor as shown in the above case caption.

23.    As described more fully above, both defendants falsely arrested and then held plaintiff Jeanette at the Burnham Village Police station in an ice cold cell without fully investigating the statements of Deft. Chavez that Plaintiff never touched or harmed Deft. Chavez. The arrest was false, malicious and without any just cause. All during the arrest, the two police officers refused to talk with Plaintiff Jeanette, they refused to review her video and they only listened to the false evidence provided by Deft. Chavez.

24.    Each of the above actions comprise a denial of Due Process rights of Plaintiff Jeanette, false arrest and false imprisonment under 42 USC § 1983, entitling her to damages, punitive damages and reasonable attorneys fees inasmuch as the behavior was contemptible, undertaken with malice aforethought, wilfulness and reckless

Page 6 of 12 Jeanette Lipinski's First Amended Complaint.

indifference to the rights of others.

## COUNT II
## ABUSE OF PROCESS

25.    Plaintiff Daughter Jeanette herewith incorporates each of the preceding
paragraphs of this Complaint as if fully set forth herein.

26.    This count is against Defendants Kus and Astor.

27.    Deft. Chavez made numerous false statements againt Plaintiff Jeanette telling both
defendant police officers Kus and Astor that Plaintiff Jeanette had sprayed her with
water from the hose, when in fact this was an obvious lie.  Deft. Chavez's clothing was
dry.  She was dry from head to foot.  Instead, the police officers chose to ignore Plaintiff
Jeanette's pleas for help and to enforce the laws. Chavez and the police officers
showed open hostility toward Plaintiff's religion, Evangelical Christianity and the fact she
was devout.  They intended to drive her out of her home and neighborhood merely
because she was a devout Christian.  Deft. Chavez had  embarked upon a steady
campaign to embarrass, intimidate and harass Plaintiff Jeanette by filing a false police
reports against her and by having Plaintiff Jeanette arrested.  Further, Deft. Chavez was
overly  friendly and ingratiating with Defendants Kus and Astor who also were on a
campaign to drive Plaintiff Jeanette out of her home and the neighborhood. Each of
Defts. Kus, Astor and Chavez had embarked upon an unlawful purpose or plan to drive
Plaintiff Jeanette out of her home and neighborhood.

28.    Plaintiff Daughter Jeanette was the subject of a criminal proceeding brought
against her in the Markham Branch of the Cook County Court System.  She was
acquitted after a bench trial, and Deft Chavez wrongfully alleged that Plaintiff Jeanette

sprayed Deft. Chavez with a hose, when in fact this never occured.  Deft. Chavez filed a

blatantly false police report against Plaintiff Jeanette fully well knowing the claims in

these police reports were wholly false, and the false police reports were malicious,

contemptuous, and completely without regard to the civil rights of Plaintiff.

29.    The abuse of process was for the ulterior motive of driving Plaintiff Jeanette out of

her own home and neighborhood.  In addition, these Defendants conspired together,

talked with one another, planned, schemed and agreed to make certain that Plaintiff

Jeanette was embarrassed, humiliated and intimidated and they all sought to harass,

intimidate and embarrass her in criminal court for the purposes of driving her out of her

neighborhood and her home.

30.    Accordingly, each of these defendants has committed Abuse of Process against

Plaintiff Jeanette resulting in her attending several court appearances for no reason.

Consequently she is entitled to her damages, punitive damages and reasonable

attorneys fees inasmuch as the behavior was contemptible, undertaken with malice

aforethought and wilfulness and with reckless indifference to the rights of others.

### COUNT III
### MALICIOUS PROSECUTION

31.    Plaintiff Jeanette herewith incorporates each of the preceding paragraphs of this

Complaint as if fully set forth herein.

32.    This count is against all defendants.

33.    Plaintiff Jeanette was the subject of a criminal proceeding brought against her in

the Markham Branch of the Cook County Court System.  She was acquitted after a

bench trial, and the alleged victim, Deft. Chavez was not harmed in any manner and she produced absolutely no evidence at trial that she had been sprayed with a hose by Plaintiff Jeanette.

34.    Accordingly, each of these defendants has committed Malicious Prosecution against Plaintiff Jeanette entitling her to damages, punitive damages and reasonable attorneys fees inasmuch as the behavior was contemptible, undertaken with malice aforethought, wilfulness and with reckless indifference to the rights of others.

### COUNT IV
### FALSE ARREST

35.    Plaintiff Daughter Jeanette herewith incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

36.    This count is against Defts. Kus and Astor.

37.    Plaintiff Daughter Jeanette was the subject of a criminal proceeding brought against her in the Markham Branch of the Cook County Court System.  She was acquitted after a bench trial, and the alleged victim, Defendant produced absolutely no evidence at trial that she had been sprayed with a hose.  The defendant police officers refused to investigate, refused to listen to Plaintiff Jeanette and in general, they treated her with derision and contempt, and allowed her to stay in a freezing cell for hours beyond when she should have been promptly released on bail.  They further denied her precious pain medications which alleviate throbbing persisent pain in her back and feet.

38.    Accordingly, each of these defendants has committed False Arrest against Plaintiff Jeanette entitling her to her damages in attending several court appearances for no

Page 9 of 12

reason, as well as punitive damages and reasonable attorneys fees inasmuch as the behavior was contemptible, undertaken with malice aforethought, wilfulness and with reckless indifference to the rights of others

## COUNT V
## ASSAULT AND BATTERY

39.    Plaintiff Jeanette herewith alleges each of the foregoing paragraphs as if set forth fully herein.

40.  This count of battery is brought against Deft. Chavez for spraying Plaintiff with dirt and leaves and debris when her anger became out of control when Plaintiff refused to become angry after experiencing a harrowing verbal assault by Deft. Chavez.

41.    As noted above, not only did Deft. Chavez threaten and scream at Plaintiff repeatedly to "f**king hurt you" but she also swept leaves and debis onto Plaintiff Jeanette, intending to harm her.  The debris could have landed in her eyes and could have resulted in a great deal of harm to Plaintiff Jeanette's vision, which is already not very good.

42.  The above actions comprise Assault and Battery against Pltff. Lipinski, entitling her to her actual medical costs, plus pain and suffering and punitive damages.  The attacks were wilful, malicious and without due regard or concern for her welfare and safety.

## COUNT VI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43.     Plaintiff Daughter Jeanette herewith incorporates each of the preceding

paragraphs of this Complaint as if fully set forth herein.

44.     This count is brought against each of the Defendants enumerated in the above

case caption.

45.     That Defendants Chavez, Kus and Astor each caused Plaintiff Jeanette to be the

subject of False Arrest, Abuse of Process, Malicious Prosecution, 42 USC § 1983 and

Assault and Battery,  thereby denying her Due Process Rights, subjecting her to several

unnecessary court room proceedings, anxiety and worry.  Further Defendant, suffers

from and has continued to suffer from depression, anxiety and other adverse mental

effects from the date of the false arrest and the assault and battery upon her including:

panic attacks, night sweats and terrors and flashbacks that she has been falsely

arrested or may be falsely arrested in the future through no fault of her own.  She

continues to worry that she might once again be held in a cold jail cell without her pain

meds for many long hours and she will once against suffer intense back and foot pain

without those necessary medications.

46.     The Defendants Chavez, Kus and Astor have all subjected the Plaintiff Jeanette to

numerous court room proceedings, and have maligned her in the neighborhood with

false tales of an arrest which should have never occurred.  Upon information and belief,

Deft. Chavez conspired with Defendants Kus and Astor to have Plaintiff falsely arrested

and drive her out of her home and her neighborhood wrongfully and illegally.

47.     That because each time Plaintiff Jeanette was not afforded due process, her

Constitutional Rights were violated thereby Plaintiff Jeanette has suffered a wide variety

of psychological issues, including, but not limited to: anxiety attacks, flash backs,

sleepless nights, nightmares, fear of sleep, lack of focus, uncontrollable crying, depression and outbursts.

48.     Each of the above actions comprise Negligent Infliction of Emotional Distress, entitling Plaintiff to damages, punitive damages and reasonable attorneys fees inasmuch as the behavior was contemptible, was undertaken with malice aforethought, and wilfulness and with reckless indifference to the rights of others.

WHEREFORE, Plaintiff Jeanette Lipinski resentfully requests that this Honorable Court award her actual damages, punitive damages and reasonable attorneys fees in the above cause of action, in an amount to be determined during a jury trial, against each defendant, jointly and severally.

RESPECTFULLY SUBMITTED,

*Jeanette S R Lipinski*

Jeanette Lipinski, Plaintiff, Pro Se

Ms. Jeanette Lipinski
Address: 14121 S. Greenbay Ave.
Burnham, Il 60633
Phone: 708-822-4893
email: shsosha3@me.com

Page 12 of 12 Jeanette Lipinski's First Amended Complaint.